Case No. 15-11495

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

OCCUPY PENSACOLA, GARY PAULL, JR.,
SARA J. BEARD, and MICHAEL B. KIMBERL,
Appellants-Plaintiffs,

v.

CITY OF PENSACOLA,
Appellee-Defendant.
_____

Appeal from the United States District Court
for the Northern District District of Florida

**CITY OF PENSACOLA'S OPPOSITION TO
OCCUPY'S MOTION TO EXTEND TIME
FOR FILING OF THEIR INITIAL BRIEF**

Steven J. Rosenwasser
Naveen Ramachandrappa
BONDURANT MIXSON & ELMORE LLP
1201 W Peachtree St NW Ste 3900
Atlanta, GA 30309

**Attorneys for the City of Pensacola**

Case No. 15-11495
Occupy Pensacola, et al., v. City of Pensacola

## CIP AND CORPORATE DISCLOSURE STATEMENT

The City believes that the Certificate of Interested Persons and Corporate Disclosure Statement contained in Appellant's Motion to Extend Time for Filing of Appellants' Initial Brief is accurate, except that it omits the following:

- Bondurant, Mixson & Elmore, LLP
- Ramachandrappa, Naveen
- Rosenwasser, Steven J.

C-1 of 1

The City respectfully opposes the **two-month** extension sought by Occupy in this case.  The City believes that the one-month extension it has already consented to is more than sufficient and appropriate for this case, which has been pending for several years.

Occupy's counsel seeks a two-month extension for the time to file their initial brief because he is busy working on other matters, including a trial and oral argument wholly unrelated to this case.  But, the fact that Occupy's counsel is busy does not provide a basis for *any* extension of the appellate filing deadlines, let alone a two-month extension.  Indeed, nearly all, if not all, appellate lawyers are dealing with numerous cases at the same time.  If significant extensions of the deadlines were granted simply because a lawyer is busy, the deadlines would be consistently moved and ultimately rendered meaningless.  Occupy's counsel, like all counsel, are responsible for monitoring their workload to ensure that they can vigorously and effectively represent their clients *in a timely manner*.

Occupy's counsel also notes that his father is addressing medical issues.  The City and its counsel were saddened to hear of the medical issue, and wish Occupy's counsel's father a speedy and quick recovery.  While the City sympathizes with Occupy's counsel, the medical condition does not warrant a two-month extension.  The father is **not** counsel of record on this case and has no responsibility for it.  Occupy's counsel only raised the issue of his father's health

to further explain his general reason for seeking an extension; *i.e.*, the fact that he is busy working on other matters and assisting with his firm's management.

In light of the extenuating circumstances, the City agreed to an extension of 30 days.  The City believes that this is a fair extension given that significant extensions are usually not provided simply because opposing counsel is busy.  Further, a 30-day extension strikes the appropriate balance between assisting Occupy's counsel and avoiding a lengthy delay of the appeal, which denies the City a final resolution of a case that was originally filed in 2011.

For these reasons, the City respectfully requests that if this Court grants grant an extension, it be limited to 30 days.

**/s/ Steven J. Rosenwasser**

Steven J. Rosenwasser
Ga. Bar No. 614908
Naveen Ramachandrappa
Ga. Bar No. 422036
BONDURANT, MIXSON & ELMORE, LLP
1201 W Peachtree St NW
Ste 3900
Atlanta, GA  30309-3417
Tel: 404-881-4100
Fax: 404-881-4111
rosenwasser@bmelaw.com
ramachandrappa@bmelaw.com

**Attorneys for City of Pensacola**

## CERTIFICATE OF SERVICE

I certify that, on May 5, 2015, I filed a copy of the **CITY OF PENSACOLA'S OPPOSITION TO OCCUPY'S MOTION TO EXTEND TIME FOR FILING OF THEIR INITIAL BRIEF** with the Clerk of Court using the CM/ECF system, which will notify the following counsel:

J. Alistair McKenzie
MCKENZIE LAW FIRM, P.A.
905 E Hatton St
Pensacola, FL 32503
amckenzie@mckenzielawfirm.com

**/s/ Naveen Ramachandrappa**